**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDMOND A. ESPINOZA,

      Plaintiff-Appellant,

v.

COCA-COLA ENTERPRISES, INC.,

      Defendant-Appellee.

No. 05-1025
(D.C. No. 03-N-1623-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

Plaintiff appeals from the grant of summary judgment to defendant on his claims of employment discrimination and retaliation. He alleged that defendant denied him a promotion because he is Hispanic and later terminated him for that reason and in retaliation for general complaints he had voiced about disparate

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

treatment of Hispanics. The district court held that plaintiff failed to establish a prima facie case for these claims and entered judgment for defendant accordingly. We affirm, though we frame the dispositive analysis somewhat differently.

Plaintiff was a district sales manager at defendant's Pueblo, Colorado, facility when he applied for the top position of sales manager. He had recently received a write-up for a verbal altercation with a customer and been given a sub-target performance evaluation, however, and was not interviewed. Instead, another district sales manager, Donald Podzemny, was promoted to the position.

In the meantime, plaintiff voiced complaints about disparate treatment of Hispanics and African-Americans. His complaint about racism was tied to a specific claim by another employee that had led, indirectly, to the discharge of the sales manager whose position plaintiff sought (who admitted, and was fired for, lying in an investigation of the employee's EEOC complaint). His complaint about national origin discrimination was much more general, based on his observation that management included very few Hispanics.

Months later, plaintiff submitted many facially irregular Market Execution Evaluations (MEEs), which are supervisory reports used in determining incentive bonuses for the account managers working under a district sales manager. The matter was investigated by human resource manager Ron Paxton and ultimately resulted in plaintiff's termination for falsification of company records. Paxton's

affidavit discusses in detail the alterations and evident neglect of supervisory duties the alterations would serve to conceal, all backed up by physical evidence and interviews with the affected subordinates. *See* Aplt. App. vol.2, ex. A-4. Paxton concluded:

> It was apparent from my investigation that Plaintiff had not conducted the Market Execution Evaluations and had forged the MEEs to cover for his failure to complete his job duties.
>
> Plaintiff was terminated on May 6, 2002 for intentionally and knowingly altering Company documents by (1) changing the dates that the MEEs were performed, (2) cutting off the bottom of the sheets that contained the computer generated date that the documents were printed, and (3) falsifying both the signatures and dates of members of his sales team on the MEEs.

*Id.*, ex. A-4, at 5-6.

The district court began its analysis of plaintiff's discrimination claims by identifying the pertinent prima facie case under the traditional burden-shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). For a failure-to-promote claim, plaintiff had to show that (1) he was a member of a protected class; (2) he applied for and was qualified for the position; (3) despite being qualified, he was rejected; and (4) after he was rejected, the position was filled. *Jones v. Barnhart*, 349 F.3d 1260, 1266 (10th Cir. 2003). The elements for a discriminatory-discharge claim are essentially the same, though of course the plaintiff must show that, despite being qualified, he was discharged from a job he held and that the job was not simply eliminated. *See Rivera v. City & County of*

*Denver*, 365 F.3d 912, 920 (10th Cir. 2004). The district court concluded that in light of the facts recited above, which were admitted and/or not effectively controverted, plaintiff could not satisfy the qualification element common to both of the controlling prima facie cases.

As a threshold challenge to that decision, plaintiff contends that the court construed the qualification element too broadly, thereby improperly incorporating into the prima facie case the analytically subsequent inquiry regarding the employer's justification for the adverse action and the plaintiff's opposing demonstration of pretext. But, even if that objection were valid, we do not think the result here is undermined: "whether th[e] analysis [of plaintiff's qualification for the job] is conducted in reference to the prima facie case or the business justification versus pretext inquiry, . . . if the court correctly concludes that the evidence of discrimination/pretext fails as a matter of law, summary judgment for the defendant is the proper result." *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1173-74 & n.5 (10th Cir. 2005).

Plaintiff also contends that he presented sufficient evidence of pretext to warrant a trial. We disagree. As for the failure to promote, plaintiff does not deny that shortly before applying he received a write-up and an unsatisfactory performance evaluation by a supervisor unconnected to the promotion, but he believes these were exaggerated/unwarranted products of personal enmity and

retribution. This line of argument has two basic flaws. First, by attributing the write-up and evaluation to the supervisor's personal grudge against him (and, more specifically, to retribution for negative ratings the supervisor had received a year earlier based on subordinates' comments), *see* Aplt. App. vol. 3, ex. 1 at 14-17, ex. 9 at 19; Aplt. Opening Br. at 33, plaintiff imputes "a motive not prohibited under the civil rights laws," which obviously undermines his case for actionable discrimination. *Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 328 (10th Cir. 1996). Second, in any event, it is the employer's understanding of the facts, not plaintiff's personal belief or interpretation, that is material, *Stover v. Martinez*, 382 F.3d 1064, 1073 (10th Cir. 2004), and the relevant inquiry is whether the information given the decision-maker justified the action taken, not whether there might have been some error in the information relied on, *Sorbo*, 432 F.3d at 1178; *Salguero v. City of Clovis*, 366 F.3d 1168, 1176 (10th Cir. 2004).

Plaintiff also complains that the district sales manager (Podzemny) who received the promotion was a pre-selected favorite who did not meet some of the application criteria. We see two flaws in this objection as well. Plaintiff never explicitly asserts, much less substantiates by record citation, that Podzemny was pre-selected *because he was not Hispanic* or that Podzemny was preferred because plaintiff was Hispanic (indeed, plaintiff contends the first step in this pre-selection plot involved termination of prior supervisor Jack Waller, whom he

has never suggested had any Hispanic ties). *See* Aplt. Opening Br. at 26-27. This pre-selection argument thus amounts to a complaint that the application process was a meaningless formality, which "might be inconsiderate or unfair, but it does not [imply] . . . discrimination." *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005) (following *Mackey v. Shalala*, 360 F.3d 463, 468 (4th Cir.), *cert. denied*, 543 U.S. 876 (2004), which held "preselection is not sufficient evidence for jurors reasonably to [find] . . . pretext"). As for the point that Podzemny fell short of the minimum-time-in-current-position requirement and lacked a supervisor's nomination for promotion to the sales manager position (though he had served as the interim replacement after Waller was fired, in part because plaintiff was off work due to illness), neither of these formal application deficiencies is remotely comparable to the performance and discipline issues that undercut plaintiff's effort to seek the promotion.

Much less need be said about plaintiff's claim of discriminatory discharge. The conduct underlying that action – alteration of performance records relating to compensation of subordinates – clearly supplied a facially legitimate business justification. And insofar as plaintiff attempts to advance a more innocent interpretation of his conduct, that is a matter for the judgment of his employer, not the courts. *See Stover*, 382 F.3d at 1076 (explaining that "in evaluating pretext . . . our role is not to second guess an employer's business judgment").

Finally, plaintiff objects to the district court's rejection of his retaliation claim for lack of supporting citations to the record. Ironically, his appellate objection suffers from the same deficiency. Plaintiff neither shows that he did in fact provide sufficient supporting record citations in his opposition to summary judgment (the document is not even in his appendix), nor does he include any record citations here. He merely states that his 25-page affidavit provides sufficient evidence to defeat the motion for summary judgment on this claim, without citing a single specific portion, page, or paragraph to substantiate that conclusion. Aplt. Opening Br. at 16. We review the grant of summary judgment from the perspective of the district court at the time it made its ruling, and where the nonmovant failed to support his case with adequate specificity, we will not fault the court for not searching the record on its own to make his case for him (nor will we take on that role of advocacy). *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671-73 (10th Cir. 1998); *see also Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995).

We note that plaintiff asserts in summary fashion several additional arguments in his reply brief. To the extent these relate to the issues we have addressed above, they do not alter our analysis and do not require particularized discussion. To the extent they raise new points, we deem them untimely.

*See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief.").

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge