FILED
United States Court of Appeals
Tenth Circuit

August 19, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NEAL LOCKE,

        Plaintiff-Appellant,

v.

GRADY COUNTY, a political
subdivision which is sued in the name
of the Board of County Commissioners
of Grady County,

        Defendant-Appellee.

No. 10-6278
(D.C. No. 5:09-CV-00327-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES** and **ANDERSON**, Circuit Judges, **BRORBY**, Senior Circuit
Judge.

---

Neal Locke appeals the district court's order granting summary judgment in

favor of his former employer, Grady County, on his claim of discrimination in

violation of the Age Discrimination in Employment Act of 1967 (ADEA),

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

29 U.S.C. §§ 621-634, and Oklahoma state law.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.  BACKGROUND

Mr. Locke was employed as a deputy sheriff for the Grady County Sheriff's Office from July 2003 until his termination on January 9, 2009.  In November 2008, Art Kell was elected Sheriff and on December 8, 2008, he promoted Mr. Locke to supervisor over the night shift.  Shortly thereafter, Sheriff Kell received information that Mr. Locke had sexually harassed a female law-enforcement officer, so he opened an investigation.  Also in early December, Mr. Locke claims he recommended that Sheriff Kell hire a man for a deputy sheriff position, but Kell rejected the applicant, saying he did not want any old men working for the sheriff's department.  Mr. Locke responded that the applicant was aged 58, the same age as Locke himself.

Sheriff Kell's investigation of sexual harassment resulted in statements by four women law-enforcement personnel asserting that Mr. Locke had made sexually inappropriate remarks, appeared at one of the women's homes uninvited, had offered to assist another with a training program in exchange for "favors," and had suggested to one of the women that he would not provide police back-up unless she provided sexual favors to him.  In conducting the investigation, Sheriff Kell asked generally if any officer had behaved inappropriately; the only one named as having done so was Mr. Locke.  Consequently, on January 6, 2009,

-2-

Sheriff Kell gave Mr. Locke a writing showing the statements Kell had collected but not the names of the women who had made the statements. Sheriff Kell then demoted Mr. Locke and placed him on probation for one year. Mr. Locke immediately went to the jail and angrily confronted one of the women who had made a statement. Upon learning of the confrontation, Sheriff Kell fired Mr. Locke, believing he had ordered Locke not to talk to any of the women who had made statements.

Mr. Locke sued, alleging that he was demoted and terminated because of his age and because he pointed out to Sheriff Kell that a job applicant deemed too old was the same age as he. He asserted violations of the ADEA and Oklahoma state law. The district court granted defendant's motion for summary judgment, evaluating Mr. Locke's ADEA claim under the *McDonnell Douglas* framework.[1] The court held that Mr. Locke had established a prima facie case of age discrimination; defendant had proffered legitimate, non-discriminatory reasons for demoting and terminating him; and Mr. Locke had not adduced evidence of

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, the plaintiff must first establish a prima facie case of discrimination. *Riggs v. Airtran Airways, Inc.*, 497 F.3d 1108, 1114 (10th Cir. 2007). If he does so, the employer "must articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* If this is done, "the burden shifts back to the employee to prove that the proffered legitimate reason was a pretext for discrimination." *Id.* at 114-15. These burdens are burdens of production, rather than persuasion, at the summary judgment stage. *Id.* at 1115.

pretext to withstand summary judgment. For the same reasons, the court also granted summary judgment on Mr. Locke's state-law wrongful-discharge claim.

Mr. Locke advances three arguments on appeal. First, he argues that the district court improperly granted summary judgment to defendant on his ADEA claim by weighing the evidence and drawing inferences reserved for the jury. He further contends that the district court impermissibly required him to produce evidence of "pretext-plus"[2] and misapplied the business-judgment doctrine. Second, Mr. Locke claims the district court granted summary judgment on his state-law age-discrimination claim by applying the incorrect standard of proof. Finally, he maintains that the district court committed reversible error in denying his request to file a surreply to the motion for summary judgment.[3]

## II. DISCUSSION

### A. Standards of Review

We review the district court's summary judgment order de novo, applying the same legal standards as the district court. *Swackhammer v. Sprint/United*

---

[2]   "Under pretext-plus, the plaintiff must do more than show pretext; he must also come forward with additional, direct evidence of a discriminatory motive. In other words, a complete lack of evidence regarding the employer's motive is not enough to raise a genuine issue of fact." *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1312 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted). This circuit has rejected the pretext-plus doctrine. *Id.*

[3]   Mr. Locke also argues that he named the correct party as the defendant in this action, anticipating that defendant would renew in this court its argument that it is not the proper party defendant. We, like the district court, need not address this dispute because Mr. Locke cannot prevail against his employer.

*Mgmt. Co.*, 493 F.3d 1160, 1167 (10th Cir. 2007). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Pursuant to this standard, "we must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Swackhammer*, 493 F.3d at 1167 (internal quotation marks omitted). "Because our review is de novo, we need not separately address Plaintiff's argument that the district court erred by viewing evidence in the light most favorable to the [defendant] and by treating disputed issues of fact as undisputed." *Rivera v. City & County of Denver*, 365 F.3d 912, 920 (10th Cir. 2004). "The purpose of a summary judgment motion is to assess whether a trial is necessary. In other words, there must be evidence on which the jury could reasonably find for the plaintiff." *Berry v. T-Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir. 2007) (citation omitted) (internal quotation marks omitted).

### B. ADEA Claim

The ADEA makes it "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA requires "but-for" causation; therefore, a plaintiff claiming age discrimination must establish by a preponderance of the evidence that his employer would not have taken the challenged employment action but for the plaintiff's age. *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009).

-5-

"*Gross* does not disturb longstanding Tenth Circuit precedent by placing a heightened evidentiary requirement on ADEA plaintiffs to prove that age was the sole cause of the adverse employment action." *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1278 (10th Cir. 2010). Nor does *Gross* "preclude our continued application of *McDonnell Douglas* to ADEA claims." *Id.*

Neither party challenges the district court's determination that Mr. Locke established a prima facie case of age discrimination and that defendant proffered legitimate, non-discriminatory reasons for demoting and discharging him. Therefore, we proceed directly to Mr. Locke's arguments that the district court improperly weighed the evidence and drew inferences in defendant's favor (1) by rejecting his evidence that the stated reasons for demoting and firing him were a pretext for age discrimination, (2) by improperly requiring him to show "pretext-plus," and (3) by placing undue emphasis and reliance on the business-judgment doctrine.

A plaintiff can withstand summary judgment if he presents evidence sufficient to raise a genuine dispute of material fact regarding whether the defendant's articulated reason for the adverse employment action is pretextual. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-49 (2000).[4]

---

[4] Relying on *Tonkovich v. Kansas Board of Regents*, 159 F.3d 504 (10th Cir. 1998), Mr. Locke repeatedly argues that the court must accept his version of the facts as true. But in *Tonkovich*, this court reviewed the grant of a motion to

(continued...)

"Pretext exists when an employer does not honestly represent its reasons for terminating an employee." *Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005). Pretext may be shown by "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Rivera*, 365 F.3d at 925 (internal quotation marks omitted).

> We do not ask whether the employer's reasons were wise, fair or correct; the relevant inquiry is whether the employer honestly believed its reasons and acted in good faith upon them. Even a mistaken belief can be a legitimate, non-pretextual reason for an employment decision. Thus, we consider the facts as they appeared to the person making the decision, and we do not second-guess the employer's decision even if it seems in hindsight that the action taken constituted poor business judgment. The reason for this rule is plain: our role is to prevent intentional discriminatory [employment] practices, not to act as a "super personnel department," second guessing employers' honestly held (even if erroneous) business judgments.

*Riggs v. Airtran Airways, Inc.*, 497 F.3d 1108, 1118-19 (10th Cir. 2007) (citations omitted) (internal quotation marks omitted).

---

[4](...continued)
dismiss. *Id.* at 517 ("[W]e reiterate that this appeal comes to us on a partial denial of the defendants' motion to *dismiss*, as opposed to motions for summary judgment."). Here, in contrast, we review a grant of summary judgment. *Tonkovich* is inapposite.

-7-

*(i)  Demotion*

Mr. Locke argues that the district court disregarded his evidence of pretext and erroneously drew inferences in favor of finding that Sheriff Kell properly exercised reasonable business judgment in demoting him.  He relies on the following evidence of pretext:  (1) the investigation did not follow the established policy and procedure and was unfair; (2) Sheriff Kell lied about various aspects of the situation, thus indicating that his real reason was not his stated reason for demoting him; (3) by promoting him even though Sheriff Kell was aware that he had made inappropriate remarks in the past, Kell wiped the slate clean, thus showing he was demoted for a reason other than sexual harassment; and (4) several witnesses testified that Sheriff Kell made ageist statements.

Mr. Locke asserts that Sheriff Kell's investigation did not follow established procedures, thus demonstrating pretext.  He avers that the official procedure was for the undersheriff to conduct the investigation and report to the sheriff, but here the sheriff himself, with the assistance of a lieutenant, conducted the investigation.  Mr. Locke alleges the following additional policy violations: (1) Sheriff Kell himself initiated the investigation; (2) no written complaint was filed to begin the investigation; (3) Sheriff Kell solicited the complaints; (4) Sheriff Kell did not talk to, or include in his report, women who would have (or did) provide information favorable to Mr. Locke; (5) Sheriff Kell did not prepare an official investigation written report; (6) there is no evidence that

-8-

Sheriff Kell viewed the procedures as permissive, rather than mandatory; and (7) Sheriff Kell failed to interview Mr. Locke.

"Evidence of pretext may include . . . the employer's policy and practice regarding . . . employment (including statistical data); disturbing procedural irregularities (e.g., falsifying or manipulating hiring criteria); and the use of subjective criteria." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1328 (10th Cir. 1999). None of the alleged policy violations presents disturbing irregularities indicating pretext.

Mr. Locke's claim that Sheriff Kell solicited complaints against him is not supported by the record. The investigation began when an intermediary contacted the sheriff to inform him that the first complainant was afraid to make a complaint of sexual harassment. Thereafter, Sheriff Kell and a lieutenant talked to her and several other women asking general questions about sexual harassment, some of whom denied any harassment and others who named Mr. Locke, but no one else. The undersheriff did not conduct the investigation because he and Mr. Locke were close personal friends. To the extent Mr. Locke complains that Sheriff Kell did not prepare an official written report, no report was necessary because he conducted the investigation himself. Finally, although allowing Mr. Locke to tell his "side of the story would seem to be the most fair way of addressing the situation, we cannot say that [Sheriff Kell's] failure to do so in these circumstances constitutes a 'disturbing procedural irregularity' sufficient to

prove pretext." *Riggs*, 497 F.3d at 1119. Moreover, Mr. Locke has not shown that the policy required Sheriff Kell to interview him. *Cf.* Aplt. App. Vol. II at 240-41 (investigations policy and procedure).

Mr. Locke next claims that Sheriff Kell's reason for demoting him is unworthy of belief because Kell knew he had made inappropriate comments at the time he promoted him, and Kell's statements differed from testimony by other witnesses. It is undisputed that the allegations of sexual harassment came to light after Sheriff Kell promoted Mr. Locke. There was, however, no agreement to expunge or overlook all prior or future sexual harassment. *Cf. Jackson v. City of Albuquerque*, 890 F.2d 225, 228 (10th Cir. 1989) (employer agreed to expunge admittedly inappropriate memo from plaintiff's employment records). As for the claim that Sheriff Kell was dishonest about material facts, we conclude that the alleged lies were not material to the reason Kell demoted Locke. For example, Mr. Locke argues that Sheriff Kell stated that the police chaplain recommended firing him, but the chaplain testified that he did not recommend termination. *See* Aplt. App. Vol. III at 597, 658. But it is undisputed that Sheriff Kell alone made the demotion and firing decisions and did not rely on, nor was he required to consider, the chaplain's recommendation. *See id.* Vol. I at 31; *id.* Vol. II at 195.

Lastly, we address Mr. Locke's claim that Sheriff Kell's ageist statements demonstrate that the real reason for demoting him was his age. Although Sheriff Kell denied making the statements, drawing all reasonable inferences in

-10-

Mr. Locke's favor, this is circumstantial evidence that Sheriff Kell was disposed against older workers. Nevertheless, the statements "are insufficient to carry [Mr. Locke's] burden of showing pretext" because the ageist statements do not address Sheriff Kell's evidence that Mr. Locke was demoted for sexually harassing women law-enforcement personnel. *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1010 (10th Cir. 2001). Sheriff Kell consistently offered a single explanation for Mr. Locke's demotion–sexual harassment–and Locke failed to adduce evidence that this explanation was false. Summary judgment was therefore appropriate because Sheriff Kell's nondiscriminatory reason "remained unrebutted and [his] credibility has not been so damaged as to render [his] explanation suspect." *Swackhammer*, 493 F.3d at 1169. More to the point, even if the evidence suggested that age may have been one motivating factor in the decision to demote him, it is insufficient to indicate "that age was the 'but-for' cause" of his demotion. *See Gross*, 129 S. Ct. at 2352.

### *(ii) Termination*

Mr. Locke asserts that Sheriff Kell's stated reason for firing him–he disobeyed a direct order–is unworthy of belief because the evidence was disputed whether he gave such an order. Mr. Locke relies on the dispute over whether Sheriff Kell issued a direct order forbidding him from talking to the women who complained about him. Sheriff Kell testified that he gave the order, but Mr. Locke denies it and the undersheriff stated that he did not hear the sheriff

-11-

give the order. Mr. Locke maintains that the summary judgment cannot stand because it was based on this disputed fact. He contends that the district court impermissibly substituted a reason other than Kell's stated reason for the termination.

Viewing the evidence in Mr. Locke's favor that no direct order was given and Sheriff Kell fired him for disobeying a direct order, no reasonable jury could find unworthy of credence the evidence that Mr. Locke was fired for angrily confronting one of the women who had complained about him immediately after being disciplined for harassing her. The evidence is undisputed that Sheriff Kell refused to give Mr. Locke the women's names and the undersheriff recommended terminating Mr. Locke, who, according to the undersheriff, "should have known to stay away from [the women]," especially since "the sheriff gave him the women's statements without their names," Aplt. App. Vol. II at 359.

Mr. Locke contends that his confrontation with the witness was not similar to the behavior for which he had just been disciplined. He maintains that he approached the witness to apologize and she did not find him to be intimidating during the encounter. This argument is disingenuous. The witness testified that Mr. Locke was standing over her, his tone of voice was threatening, and he was very angry, making her uncomfortable, intimidated, and afraid. *Id.* Vol. II at 413, 418. Mr. Locke was forced to admit that he did not just apologize and leave, and

that he was visibly angry, *id.* Vol. II at 220, 227.[5]  The witness's later statement to Mr. Locke's prospective employer that she had not been afraid of him was motivated by her wish to help him get another job.  *Id.* Vol. III at 640-41; *id.* Vol. IV at 832.  Similarly, her attempt to recant her complaint against Mr. Locke was motivated by her fear of being sued by him and her desire to extricate herself from the dispute.  *Id.* Vol. III at 640-41.

Even if Sheriff Kell was mistaken in his belief that Mr. Locke had disobeyed a direct order, there is no evidence that the sheriff did not honestly believe that he had.  The facts appearing to Sheriff Kell at the time provided a legitimate, non-pretextual reason for firing Mr. Locke.  Moreover, even if the inference is drawn in Mr. Locke's favor that Sheriff Kell harbored ageist animus toward older deputies, the evidence is insufficient to show that age was the but-for cause of his termination.

### *(iii)  Conclusion*

For the reasons discussed above, we conclude that Mr. Locke's evidence of pretext is insufficient to withstand summary judgment.  *See Young v. Dillon Cos., Inc.*, 468 F.3d 1243, 1250 (10th Cir. 2006) (stating a prima facie case and *sufficient* evidence of pretext may permit a finding that the employer unlawfully discriminated).  In conducting our de novo review, we have considered the

---

[5]      The confrontation was recorded on the jail's security videotape.

cumulative weight of his proffered evidence based on the evidence as a whole.
*See EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1200 (10th Cir.
2000) (holding evidence viewed in the aggregate was sufficient to show pretext);
*Annett v. Univ. of Kan.*, 371 F.3d 1233, 1241 (10th Cir. 2004) ("When assessing
whether a plaintiff has made an appropriate showing of pretext, we must consider
the evidence as a whole." (internal quotation marks and brackets omitted)).  We
also reject Mr. Locke's claim that he was required to show pretext-plus.
"Pretext-plus becomes relevant only after the employee has discredited the
employer's reasons, leaving nothing in the record to explain the employment
decision." *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1312 (10th Cir.
2005).  Mr. Locke did not present evidence to discredit the employer's reasons for
demoting and firing him; consequently, pretext-plus is irrelevant.  We affirm the
district court's judgment on the ADEA claim.

## C.  State Law Age Discrimination Claim

Mr. Locke also appeals the district court's grant of summary judgment to
defendants on his claim for wrongful discharge in violation of Oklahoma public
policy, pursuant to *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989).  He argues
that the more lenient "significant factor" burden of proof applies to this claim,
rather than the ADEA's "but-for" standard, and the district court erred in not
applying the lower standard.  We recognize the difference in legal standards, but
conclude that Mr. Locke's evidence does not meet the lower standard.

The significant-factor test "imposes much more than some de minimus burden on the plaintiff. It requires a showing of more than a mere causal link, in that a factor may be a cause without being significant." *Medlock v. United Parcel Serv., Inc.*, 608 F.3d 1185, 1197 (10th Cir. 2010) (internal quotation marks omitted) (brackets omitted) (applying Oklahoma law). As explained above, Mr. Locke "has failed to create a triable case that age played any role, much less a significant role, in the decision[] to terminate his employment." *Id.*[6] Accordingly, we affirm the district court's summary judgment on Mr. Locke's *Burk* claim.

## D. Refusal to Permit Surreply on Summary Judgment

Finally, Mr. Locke contends that the district court committed reversible error in denying his request to file a surreply on summary judgment. He avers that he was entitled to file one because defendant's reply added evidentiary materials and legal arguments, and the district court's summary judgment does not indicate whether the court considered these additional materials and arguments.

We review for an abuse of discretion the district court's decision not to permit a surreply. *Green v. New Mexico*, 420 F.3d 1189, 1198 (10th Cir. 2005).

---

[6] "*Burk* provides a tort remedy only for an employee's actual or constructive *discharge*." *Medlock*, 608 F.3d at 1198 n.10. Mr. Locke's demotion claim appears not to be actionable under *Burk*. *See id.* (citing *Davis v. Bd. of Regents for Okla. State Univ.*, 25 P.3d 308, 310 (Okla. Civ. App. 2001)).

> Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply. If the district court does not rely on the new material in reaching its decision, however, it does not abuse its discretion by precluding a surreply. "Material," for purposes of this framework, includes both new evidence and new legal arguments.

*Id.* (citations omitted) (internal quotation marks omitted).

Mr. Locke argues that the reply contained new evidence and arguments, but he has made little effort to demonstrate which evidence and arguments were new, or to show that the district court relied on them. To support this argument, he has cited to his district-court motion for leave to file a surreply.[7] Not surprisingly, defendant argues that its district-court opposition to the surreply demonstrated that no new evidence or arguments were presented in the reply. We decline to sift through the district court file to ascertain whether the reply included new material. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003) (declining to search the record for evidence). Mr. Locke has failed to demonstrate an abuse of discretion.

---

[7] In his reply brief, Mr. Locke points to one allegedly new argument raised in defendant's reply: "failure to follow policies does not support pretext." Aplt. Reply Br. at 19. But Mr. Locke argued in his opposition to summary judgment that Sheriff Kell's failure to follow the departmental policy was evidence of pretext. Aplt. App. Vol. III at 500-501. Thus, Mr. Locke has not shown that defendant raised new material in its reply. Moreover, we have considered and rejected his arguments based on asserted conflicting legal precedents.

## III.  CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge