**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FRANKLIN R. PERKINS,

      Plaintiff-Appellant,

v.

MICHAEL W. WYNNE,[*] United
States of America, ex rel., Secretary,
Department of the Air Force; ALLEN
B. DECKER, individually and in his
official capacity,

      Defendants-Appellees.

No. 06-6321
(D.C. No. CIV-04-715-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

      Plaintiff Franklin R. Perkins appeals from the district court's summary

judgment order that he failed to present sufficient evidence to create a genuine

---

[*]     Michael W. Wynne is substituted for James G. Roche as defendant-appellee
pursuant to Fed. R. App. P. 43(c)(2).

[**]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

issue as to whether the defendant's explanation for his demotion was a pretext for discrimination. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**I**

On June 30, 2002, Mr. Perkins, a civilian employee of the United States Department of the Air Force (Air Force), was promoted to supervisory industrial engineering technician. The promotion was subject to his successful completion of a one-year probationary period. Not long after the promotion, his relationship with his direct supervisor and other colleagues became strained. In October 2002, his direct supervisor, Allen Decker, conducted a progress review which indicated that he was performing poorly; however, Mr. Perkins refused to discuss the review and stated that he no longer wanted to work for Mr. Decker. In November 2002, Mr. Perkins was notified in writing that he had not passed the probationary period and would be returned to his former position as a non-supervisory industrial engineering technician.

In his suit against the Air Force and Mr. Decker, Mr. Perkins claimed violations of 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1981, and the Fifth and Fourteenth Amendments to the United States Constitution. The district court dismissed all of the claims against Mr. Decker and the § 1981 and constitutional claims against the Air Force. Mr. Perkins does not challenge this order on appeal.

The Air Force moved for summary judgment on the grounds that Mr. Perkins failed to timely exhaust his administrative remedies. In denying the motion, the district court found

> there is a genuine issue of material fact as to whether equitable tolling should apply to extend the forty-five (45) day time limit for [Mr. Perkins] to contact an EEO counselor. Specifically, the Court finds that [Mr. Perkins] has put forth evidence that he was actively misled.

Aplt. App. at 118.

The district court, however, did grant the Air Force's second motion for summary judgment, holding that Mr. Perkins failed to meet his burden of demonstrating that the Air Force's explanation for his demotion was pretextual. This appeal followed.

## II

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The evidence and reasonable inferences drawn therefrom are viewed in the light most favorable to the nonmoving party. *Simms*, 165 F.3d at 1326.

## III

In cases such as this where a Title VII plaintiff relies on indirect evidence to prove discrimination, the claim is analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Young v. Dillon Cos., Inc.*, 468 F.3d 1243, 1249 (10th Cir. 2006).

> Under *McDonnell Douglas*, the plaintiff carries the initial burden of establishing a prima facie case of racial discrimination. Once the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for the adverse employment action. If the defendant makes this showing, the burden then shifts back to the plaintiff to show that the defendant's proffered justification is pretextual.

*Id.* (internal citations omitted).

Applying this framework, the district court assumed for purposes of summary judgment that Mr. Perkins "established a prima facie case of discriminatory discharge," Aplt. App. at 260, and further found that the Air Force "met its burden to produce a legitimate, non-discriminatory reason for terminating [Mr. Perkins's] employment." *Id.* Among other things, it noted the Air Force's evidence of Mr. Perkins's "uncooperative demeanor, poor communication skills, and condescending and disrespectful manner of speaking to co-workers," *id.*, as well as the inappropriate reaction to his review, defensive response to negative

-4-

feedback, unsatisfactory performance on a repair plan, and lack of skills and aptitude to be a supervisor.

The district court then turned to whether Mr. Perkins met his burden of demonstrating a genuine issue of material fact as to whether the Air Force's explanation for his demotion was a pretext for discrimination. In this regard, Mr. Perkins advanced four theories: (1) he was replaced by a non-African-American; (2) another African-American employee was removed as a supervisor at or about the same time he was; (3) a white female worker was chosen over a female African-American who he sponsored for a promotion; and (4) his supervisor, Mr. Decker, failed to comply with the procedure governing situations where an employee does not pass probation.

As to each, the court found that the alleged action did not establish pretext because: (1) Mr. Perkins's replacement was a Hispanic, who is also a member of a protected class; (2) he conceded that his supervisor, Mr. Decker, "took no known action to remove [the other employee] from his supervisory position," *id*. at 184; (3) his suggested candidate for the promotion was not qualified and he had no evidence that the successful candidate was also unqualified; and (4) he admitted that the letter regarding his failure to pass probation "appears to comply with the [procedures]." *Id*. at 186.

**IV**

Mr. Perkins first argues that the Air Force did not meet its burden of establishing a facially nondiscriminatory reason for his demotion. We disagree. At this stage of the *McDonnell Douglas* analysis, the Air Force was required

> merely to articulate through some proof a facially nondiscriminatory reason for the termination; the defendant does not at this stage of the proceedings need to litigate the merits of the reasoning, nor does it need to prove that the reason relied upon was bona fide, nor does it need to prove that the reasoning was applied in a nondiscriminatory fashion.

*EEOC v. Flasher Co., Inc.*, 986 F.2d 1312, 1316 (10th Cir. 1992).

The district court correctly applied the *McDonnell Douglas* paradigm at this stage of the analysis, and its finding that the Air Force met its burden of coming forward with proof of a facially nondiscriminatory reason for demoting Mr. Perkins is supported by the record.

Having met its burden to articulate a legitimate, non-discriminatory reason for its adverse employment action, the court correctly held that the burden shifted back to Mr. Perkins to show that the Air Force's stated reasons were a pretext for unlawful discrimination. "To show that the defendant's proffered race-neutral reasons were actually a pretext for discrimination, this Court has held that the plaintiff must demonstrate that the defendant's proffered race-neutral reasons were so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude the reasons were unworthy of belief." *Young*, 468 F.3d at 1250

(internal quotation marks and brackets omitted). Stated otherwise, "[p]retext requires a showing that the tendered reason for the employment decision was not the genuine motivating reason, but rather was a disingenuous or sham reason." *Reynolds v. Sch. Dist. No. 1*, 69 F.3d 1523, 1535 (10th Cir. 1995).

> The relevant inquiry is not whether the defendant's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs. A plaintiff cannot avoid summary judgment with an unadorned claim that a jury might not believe defendant's explanation for his termination; he must point to evidence suggesting that defendant itself did not honestly believe that explanation.

*Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138 (10th Cir. 2004) (internal citation, quotation marks, and brackets omitted).

Although Mr. Perkins disagrees with the Air Force's assessment of his job performance and personality, we agree with the district court that he failed to come forward with evidence sufficient to raise a genuine issue of material fact concerning pretext. As to his argument that the "self-serving," Aplt. Op. Br. at 13, n.3, affidavits and declarations supplied by the Air Force were "suspicious," *id*., because "they appear to have been drafted by the same person, using the same language," *id*. n.3, he failed to raise this objection in the district court and this challenge cannot be raised for the first time on appeal. "By failing to object below, any formal defects in the declaration are deemed to be waived." *Thomas v. U.S. Dep't of Energy*, 719 F.2d 342, 344-45, n.3 (10th Cir. 1983).

Finally, we disagree with Mr. Perkins's argument that the district court's finding in its prior order that he "put forth evidence that he was actively misled" Aplt. App. at 118, regarding his appeal rights is evidence of discrimination. Setting aside the fact that Mr. Perkins himself argues that this demonstrates an "active[] conspir[acy] to remove him and deny him due process," Aplt. Op. Br. at 11, – not racial discrimination – we have held that alleged irregularities that occur following adverse action are irrelevant to prove pretext. *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1315 (10th Cir. 2005).

The judgment of the district court is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge