**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LOURDES E. TRUJILLO,

      Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC
SCHOOLS; ANTHONY GRIEGO,
individually and in his official
capacity as Principal of Valley High
School, Albuquerque Public Schools,

      Defendants-Appellees.

No. 08-2029
(D.C. Nos. 1:02-cv-01509-JAP-RLP;
1:04-cv-00646-JAP-RLP)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **PORFILIO**, and **EBEL**, Circuit Judges.

Pro se plaintiff-appellant Lourdes E. Trujillo appeals from the district

court's grant of summary judgment to the Board of Education of the Albuquerque

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Public Schools and Anthony Griego in two separate district court cases. In the first case, No. 1:02-cv-01509-JAP-RLP, Ms. Trujillo, who is originally from Puerto Rico, argued defendants discriminated against her on the basis of gender and national origin when they failed to hire her for a instructor position at Valley High School in 2001. In the second, No. 1:04-cv-00646-JAP-RLP, Ms. Trujillo claimed she was discriminated against when she was again not hired to fill the same position in 2002 and 2003. The district court granted summary judgment in both cases. Ms. Trujillo's appellate briefs fail to show reversible error. We affirm.[1]

I.

Since Ms. Trujillo is appealing from the district court's grant of summary judgment, we view the evidence, and draw all reasonable inferences therefrom, in the light most favorable to her. *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1167 (10th Cir. 2007). Although Ms. Trujillo's briefs violate the Federal Rules of Appellate procedure by not including a statement of the facts of the case supported by appropriate record references,[2] *see* Fed. R. App. P. 28(a)(7),

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

[2] "Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation and citations omitted).

the following facts are either undisputed or viewed in the light most favorable to Ms. Trujillo. Because the parties are familiar with the facts of the case, we discuss only those necessary for resolution of this appeal.

Valley High, located in Albuquerque, New Mexico, had an agreement with the United States Air Force to offer a Junior Reserve Officer Training Corps program. The program was taught by a Senior Aerospace Science Instructor (SASI) and an Aerospace Science Instructor (ASI). In August of 2000, the new principal at Valley High was Anthony Griego, the SASI was Col. Richardson Crook, and the ASI was Ms. Trujillo's husband, Transito Trujillo.

Col. Crook informed Mr. Trujillo as early as January 2000 that he was thinking of retiring, but did not specify a time. In August 2000, Ms. Trujillo provided her resume and some type of application to Mr. Griego expressing her interest in being considered for Col. Crook's SASI position if it ever came open. She did not contact the Albuquerque Public Schools (APS) human resources department or submit the standard APS application. In the Spring of 2001, Col. Crook informed Mr. Griego that he intended to retire in October 2001. Utilizing a "by name" selection process authorized by the Air Force, Valley High

hired Colonel Mark Mayerstein, a Caucasian, for the position in March 2001.[3]

Ms. Trujillo's first lawsuit alleged discrimination in this hiring decision.

Col. Mayerstein was only employed by Valley High for one year. When the time came to fill his position, Valley High utilized a competitive selection process. According to Mr. Griego's affidavit the school abandoned the previously used "by name" process and instead asked the Air Force provide a qualified candidate pool in an attempt to avoid lawsuits. The Air Force provided Valley High with the names of three pre-screened candidates. Ms. Trujillo subsequently contacted the Air Force asking to be considered for the position and was told candidates had already been forwarded to the school. She then contacted Valley High directly. Acknowledging the Air Force had already forwarded a slate of candidates she, nevertheless, asked the school to consider her for the position– essentially requesting that it revert to the "by name" process in order to select her. The school refused and hired one of the applicants forwarded by the Air Force.

When that instructor also left after a year, the school once again asked the Air Force for a slate of qualified candidates. Ms. Trujillo applied for the job with

---

[3] The Air Force allowed Valley High and other schools with JROTC programs two methods for hiring instructors. The school could specifically request a certain instructor ("by name" selection process), asking the Air Force to approve its choice; or the school could utilize a selection process under which it notified the Air Force of a vacancy and the Air Force posted the vacancy on its website and then provided the school with the names of qualified candidates (competitive selection process).

the Air Force. The Air Force informed her that under its rules she would have to resign her current position as a SASI in Georgia to be considered for the Valley High SASI position. Ms. Trujillo did not resign her position. She also sent letters directly to two APS board members asking them to consider her letters as applications for the SASI position; they forwarded her letters to the APS Human Resources Department. She eventually filled out an employment application. A form letter in the application packet informed Ms. Trujillo she would have to contact Valley High directly regarding an interview. The Air Force again forwarded names of three candidates to Valley High, one of whom was hired. Ms. Trujillo's name was not on the Air Force list. Her second lawsuit alleged discrimination in the 2002 and 2003 hiring decisions.

## II.

"We review the district court's grant of summary judgment *de novo* and must apply the same legal standard used by the district court." *Swackhammer*, 493 F.3d at 1167 (quotation omitted). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A.

Ms. Trujillo's first lawsuit alleged gender and national origin discrimination under Title VII, *see* 42 U.S.C. § 2000e-2(a)(1), and racial discrimination under 42 U.S.C. § 1981.[4] "Without direct evidence of discrimination, we apply the burden-shifting scheme of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in Title VII and § 1981 cases." *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181 (10th Cir. 2006) (citations omitted). Under the *McDonnell Douglas* analysis, a plaintiff must first make a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. at 802.

> In *McDonnell Douglas*, the Supreme Court enumerated the elements required in order for a plaintiff to establish a prima facie case in the failure to hire context. These are: (I) plaintiff belongs to a protected class; (ii) plaintiff applied and was qualified for a job for which the employer was seeking applicants; (iii) despite being qualified, the plaintiff was rejected; and (iv) after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications.

---

[4] Under 42 U.S.C. § 2000e-2(a)(1), it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." Under 42 U.S.C. § 1981:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

*Garrison v. Gambro, Inc.*, 428 F.3d 933, 937 (10th Cir. 2005) (quotation and alteration in original omitted).

> After the plaintiff makes a prima facie case, the burden shifts to the employer to give a legitimate, nondiscriminatory reason for its employment decision.  If the employer comes forward with a nondiscriminatory reason for its actions, the burden then reverts to the plaintiff to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual–i.e., unworthy of belief.  A plaintiff who demonstrates pretext gets over the hurdle of summary judgment.

*Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008) (quotations and citations omitted).  Pretext can be shown by "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons."  *Id.* at 1106 (quotation omitted).

B.

The district court initially refused to grant summary judgment to defendants, concluding Ms. Trujillo had raised a genuine issue of pretext as to Mr. Griego's argument that he had simply chosen Col. Mayerstein from two candidates provided by Col. Crook.  Citing *Tyler v. ReMax*, the court said "the genuine issue on the second reason casts enough doubt on the other two reasons that a jury might still find in Trujillo's favor."  410 F. Supp. 2d 1033, 1047.

Upon reconsideration, and with the guidance of this court's recently published opinion in *Jaramillo v. Co. Judicial Dep't*, 427 F.3d 1303 (10th Cir. 2005), the district court granted summary judgment to defendants. In doing so, it concluded Ms. Trujillo was unqualified for the SASI position, mooting her initial success in raising an issue of fact as to the possibly pretextual nature of one of defendants' proffered reasons for its employment decision. She responded with a Rule 59(e) motion to alter or amend judgment accompanied by additional material, which was denied.

## C.

On appeal, Ms. Trujillo raises one issue in regard to the court's rulings in her first lawsuit:

> The court erred by failing to find and hold that Defendant Griego's own admission to the Defendant[s'] [Equal Opportunity] Director was a pretext for unlawful violation of [Ms.] Trujillo's constitutional rights. Griego admitted to Defendant[s'] [Equal Opportunity] Director, in response to [Ms.] Trujillo's EEOC charges, that he did not interview Trujillo when he selected [Col.] Mayerstein "by name" to replace [Col.] Crook before Crook had retired.

Aplt. Opening Br. at 1-2. She therefore asserts Mr. Griego discriminated against her by failing to interview her during the hiring process, thus treating her differently than Col. Mayerstein. That fact, however, does nothing to refute the basis of the district court's judgment–Ms. Trujillo was not qualified for the SASI position. On that point, Ms. Trujillo maintains her lack of credentials is not a valid non-discriminatory reason for not hiring her because Col. Mayerstein also

-8-

lacked his FAA certification but was hired because he was in the process of obtaining it. She claims she could have become FAA certified by the time Col. Crook departed but "[Mr.] Griego did not offer the same opportunity [to obtain certification] to [her] in March 2001." Aplt. Opening Br. at 2.

Her argument assumes Mr. Griego was considering two equally facially unqualified candidates but allowed the Caucasian male an opportunity for certification while denying the same opportunity to her, the Hispanic female. But the evidence presented in the summary judgment materials showed Col. Mayerstein misrepresented in his application that he would be FAA certified and therefore qualified to teach the class. Moreover, Col. Crook told Mr. Griego in writing that Col. Mayerstein would "soon" be qualified to teach the zero-hour class. In granting summary judgment, the district court decided "[Mr.] Griego may have used poor judgment in selecting [Col.] Mayerstein without proof of his FAA certification, but that does not establish or infer discrimination or pretext in his decision not to select an applicant who admittedly did not have, and who never asserted that she was in the midst of obtaining, the FAA certification." R., Vol. II, Doc. 98 at 9. The summary judgment materials did not demonstrate that Mr. Griego *offered* Col. Mayerstein an opportunity to become certified, it showed that the application materials asserted that he was in the process of

meeting that qualification.[5] *See Young v. Dillon Cos.*, 468 F.3d 1243, 1250 (10th Cir. 2006) (holding that relevant inquiry is whether the reasons behind the employer's employment decision were held in good faith, even if they later proved to be untrue); *Rivera v. City & County of Denver*, 365 F.3d 912, 924-25 (10th Cir. 2004) (same).

D.

Ms. Trujillo's second lawsuit, alleging gender and national origin discrimination under Title VII, *see* 42 U.S.C. § 2000e-2(a)(1), also resulted in summary judgment in favor of defendants. In appealing from this decision, Ms. Trujillo raises two points. She first claims retaliation against her for complaining about the hiring of Col. Mayerstein. According to her the retaliation took the form of abandoning the "by name" selection process in favor of asking the Air Force to present qualified candidates for subsequent job openings. Her second point is that

> [t]he court again erred when it disregarded the Board of Education directions to [Ms.] Trujillo, which direct[ed] her to apply to the

---

[5]     Ms. Trujillo has also filed a reply brief. In it she reprises the argument raised in her opening brief. But she also apparently tries to raise a new argument reciting various pieces of evidence presented on summary judgment, quoting various portions of the district court's initial denial of summary judgment, and then generally asserting these pieces prove discrimination. To the extent she is trying to raise a new issue, we decline to address it. We generally refuse to address issues raised for the first time in a reply brief, and our independent review of the record reveals no plain error. *See Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994) (holding the court would not address arguments raised for the first time in the reply brief).

> school's Human Resources Office, rather than [the] Air Force, as [Mr.] Griego did. Thus, the court disregarded the fact that the Board, not the school principal [Mr.] Griego, has the sole authority to establish hiring policies.

Aplt. Opening Br. at 9.

These arguments verge on being frivolous. First, the record *does not* support the conclusory assertion that Mr. Griego lacked the authority to discontinue using the "by name" hiring process. Mr. Griego averred the school made the change to essentially take itself out of the hiring process to the greatest extent possible in order to avoid lawsuits. And no reasonable jury could believe the clearly routine actions by the APS board members and the form letter from the APS Human Resources Department did anything more than direct Ms. Trujillo back to Valley High as the appropriate party to contact regarding interviews. Ms. Trujillo's assertion that these actions amounted to a board decision that Valley High had to use the "by name" hiring process misrepresents the evidence.

Second, even if Ms. Trujillo is correct and Mr. Griego flouted APS policy by only hiring from pre-screened candidates provided by the Air Force, Ms. Trujillo presents *no* argument as to how such action could be discriminatory. She makes no claim that she has any less opportunity than any other candidate to be nominated by the Air Force. If anything, such a practice would seem to provide Valley High with *less* opportunity to discriminate, as Mr. Griego averred was the purpose for the policy change.

-11-

## III.

The judgment of the district court is AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge