FILED
United States Court of Appeals
Tenth Circuit

January 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VIMALA AGRAWAL,

Plaintiff-Appellant,

v.

ANTHONY FOXX, Secretary,
U.S. Department of Transportation,

Defendant-Appellee.

No. 13-6085
(D.C. No. 5:11-CV-00164-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Vimala Agrawal is a long-time employee of the Federal Aviation

Administration ("FAA") at the Mike Monroney Aeronautical Center in Oklahoma

City, Oklahoma. In 2007, she applied for seven different supervisory engineer

positions with the FAA, but was not selected for any of the positions. She

subsequently filed a complaint against the Department of Transportation alleging that

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the FAA discriminated against her on the basis of race, sex, age, color, religion, national origin, and retaliation for previous protected activity.

Defendant moved for summary judgment on all claims. Because Ms. Agrawal had not presented any direct evidence of discrimination, the court considered her claims applying the traditional burden-shifting analysis in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). The district court assumed for the purposes of its decision that Ms. Agrawal could establish prima facie cases of discrimination for each of her claims. The court found, however, that defendant had met its burden of producing a legitimate, non-discriminatory reason for not selecting Ms. Agrawal for any of the positions. The court further found that Ms. Agrawal had not submitted any evidence to create a genuine issue as to whether defendant's explanation for not selecting Ms. Agrawal was pretextual.

The district court noted that Ms. Agrawal's response contained conclusory assertions regarding pretext with no evidence submitted to support her statements. In particular, Ms. Agrawal argued that she was more qualified for the positions than the individuals selected, but she failed to present evidence regarding her qualifications as compared to the qualifications of those selected, let alone make a showing that any disparity was overwhelming, *see Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1309 (10th Cir. 2005) ("To show pretext, the disparity in qualifications must be overwhelming." (internal quotation marks omitted)). The district court further noted that, "'[i]t is the manager's perception of the employee's performance that is

relevant, not plaintiff's subjective evaluation of [her] own relative performance.'" Aplt. App., Vol. 2 at 188 (quoting *Kelley v. Goodyear Tire & Rubber Co.*, 220 F.3d 1174, 1178 (10th Cir. 2000)).

On appeal, Ms. Agrawal argues that the district court erred in granting summary judgment because defendant "failed to establish undisputed facts that support entry of summary judgment." Aplt. Br. at 20. We have reviewed the record, the briefs, and the relevant legal authority under a de novo standard of review, *see Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822, 826 (10th Cir. 2012), and we see no reversible error in the district court's decision. Accordingly, for substantially the same reasons articulated by the district court in its order dated September 25, 2012, we affirm.

Entered for the Court


Bobby R. Baldock
Circuit Judge