FILED
United States Court of Appeals
Tenth Circuit

May 31, 2022

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

BHAGWAN D. GUPTA,

    Plaintiff - Appellant,

v.

OKLAHOMA CITY PUBLIC SCHOOLS,

    Defendant - Appellee.

No. 21-6138
(D.C. No. 5:18-CV-00317-PRW)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Bhagwan D. Gupta appeals the district court's grant of summary judgment in favor of Oklahoma City Public Schools ("School District") on his pro se claim alleging unlawful retaliation under Title VII. Assuming that Gupta had established a prima facie case for retaliation, the court held that the School District met its burden to offer evidence of non-retaliatory reasons for its action, but Gupta failed to

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

demonstrate those reasons were pretextual.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.      Background

### A.      Factual Summary

Gupta previously served as a substitute teacher for the School District.  During the 2015-16 school year, students at a high school reported to the School District that Gupta had engaged in racial discrimination, used profanity, displayed inappropriate physical conduct, and otherwise acted in ways that failed to comply with the substitute handbook.  As a result, the School District terminated Gupta from his substitute position in October 2015.  Gupta also received a letter from the School District in March 2016, stating that the student complaints rendered him ineligible for further assignments that school year, but indicating that he was not prohibited from applying to be a substitute for the next school year.  At the end of the 2015-16 school year, a number of school principals requested that Gupta be excluded from their schools for the following school year.

Gupta filed a charge of discrimination with the state Office of Civil Rights Enforcement (OCRE) on April 4, 2016.  The School District received a letter from the OCRE dated June 9, 2016, indicating it had notice of Gupta's discrimination claim at least as of that time.

Gupta did apply for a substitute teaching position for the 2016-2017 school year.  According to the School District, it selected Gupta's wife, but not him, to be a substitute teacher for that school year.  The School District invited Gupta's wife to

attend orientation and training events. Gupta attended these events with his wife, although the School District contended he was not invited to do so. Gupta disputed this, stating that he signed in for the training on a printed list bearing his name, along with the other substitutes called for training. Soon after the training, Gupta logged on to the School District's substitute teacher portal and accepted an assignment for August 2, 2016. After working that one day, Gupta met with the School District on August 3 and was informed that he would not be permitted to substitute teach as a result of his alleged conduct during the previous school year. The School District also gave Gupta a letter, dated July 29, 2016, stating the same. The School District believed that a clerical error related to Gupta's attendance at the substitute training and orientation led to his ability to log on to the substitute teacher portal.

## B. District Court Proceedings

Gupta sued the School District alleging violations of Title VII, the ADEA, the ADA, and the Due Process and Equal Protection Clauses. The School District moved to dismiss all claims except for Gupta's Title VII retaliation claim. The district court granted the School District's motion without prejudice to Gupta refiling. Without first moving for leave to do so, Gupta filed new pleadings seeking to reassert his dismissed claims. He eventually filed a motion to amend his complaint and a motion to refile the dismissed claims. The School District moved for summary judgment on Gupta's remaining retaliation claim. In a combined order, the district court granted the School District's summary judgment motion and denied Gupta's motions to amend and for leave to reassert the dismissed claims.

### 1.    District Court's Summary Judgment Ruling

The district court assumed without deciding that Gupta had established a prima facie case of retaliation based upon the School District deciding not to re-hire him and terminating his employment after he filed a charge of discrimination.[1]  The court then considered the School District's evidence of a legitimate, non-retaliatory reason for its action:  Gupta's poor job performance.  The School District pointed to Gupta's policy violations during the 2015-16 school year.  In addition, the School District stated that multiple principals had requested that he be excluded from their schools for the following school year.  The School District supported its proffered reasons for terminating Gupta with an affidavit from Carolyn Gray, its Director of Human Resources, Student Testimony Forms describing the instances of alleged misconduct, a letter to Gupta from the Chief Human Resources Officer, and evidence from Gupta's substitute portal account.  The district court concluded that the School District had met its burden to proffer legitimate, non-retaliatory reasons for ending Gupta's employment.

The district court then held that Gupta failed to meet his burden to demonstrate that the School District's reasons were pretextual.  The court concluded that Gupta

---

[1] The district court variously referred to the School District's allegedly retaliatory action as its decision not to re-hire Gupta or its decision to terminate his employment.  As noted, the School District had permitted Gupta to work one day during the 2016-17 school year, albeit as a result of an alleged clerical error.  Because the nature of the School District's action does not change our analysis, for simplicity, we will hereafter refer to the School District's action as terminating Gupta's employment.

attempted to show pretext based solely on temporal proximity, noting he had emphasized the closeness in time between the filing of his discrimination charge and the School District's termination decision. It held that contention failed because temporal proximity alone is insufficient to demonstrate pretext, and that Gupta had presented nothing additional that would cause a reasonable fact finder to conclude that the School District's reasons for terminating him were unworthy of belief.

The district court addressed Gupta's argument that the School District's allegations were based on inadmissible evidence, hearsay, and lack of personal knowledge. Without citation or explanation, it stated these objections were "improper at this juncture." R. at 404.

The court also rejected as conclusory and speculative Gupta's assertions that the School District failed to follow its own policies and procedures before terminating him. First, he did not adduce evidence supporting his assertion that the student complaints were never investigated. Additionally, the court concluded that a failure to follow internal procedures does not necessarily suggest the School District's proffered reasons were pretextual. Gupta also provided no factual support for his assertion that the School District had changed rather than followed certain internal procedures when handling the student complaints. He also failed to explain the alleged changes that were made or how they supported an inference of pretext. Thus, the court concluded his contentions amounted to nothing more than vague suspicions about the School District's motives.

### 2.    District Court's Denials of Leave to Amend and Leave to Refile Previously Dismissed Claims

Gupta moved to amend his complaint by adding the School District's final exhibit list.  He also moved for leave to refile his discrimination and due process claims that were previously dismissed.  The district court denied the motion to amend as unnecessary and denied leave to refile the dismissed claims because Gupta did not remedy the deficiencies the court previously identified; at most, Gupta had added some conclusory remarks about discriminatory motive based upon the School District's alleged violation of its own policies.

## II.    Discussion

We review de novo the district court's grant of summary judgment in the School District's favor, viewing the evidence in the light most favorable to Gupta. *See Bekkem v. Wilkie*, 915 F.3d 1258, 1266-67 (10th Cir. 2019).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Because Gupta is proceeding pro se, we liberally construe his contentions on appeal.  *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

Title VII makes it unlawful for an employer to discriminate against an employee or an applicant because he filed a charge of discrimination.  *See* 42 U.S.C. § 2000e-3(a).

> To state a prima facie Title VII retaliation claim, a plaintiff must show (1) that []he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially

6

adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.

*Bekkem*, 915 F.3d at 1267 (internal quotation marks omitted).  The district court applied the familiar *McDonnell Douglas*[2] framework, under which Gupta was required to raise a genuine issue of material fact on each element of his prima facie case, *see id.*  The burden then shifted to the School District to offer a legitimate, non-retaliatory reason for its action.  *See id.*  Finally, the burden shifted back to Gupta to show a genuine dispute of material fact as to whether the School District's reasons were "pretextual—i.e., unworthy of belief."  *Id.* (internal quotation marks omitted).

Gupta raises three claims in his opening appeal brief:

(1) "Whether uninvestigated student allegations of discrimination and harassment genuinely disputed by accused can be used as factual legitimate nondiscriminatory reasons in an employment retaliation case," Aplt. Opening Br. at 4; (2) "Whether unsubstantiated alleged Principal requests with no specificity or clarity to exclude plaintiff from their schools can be used as factual legitimate nondiscriminatory reason in a[n] employment retaliation case," *id.*; and (3) "Whether an Affidavit or Declaration to support a motion for summary judg[]ment can be made without personal knowledge, setting out facts that would be inadmissible in evidence and without showing that the affiant or declarant is competent to testify on the matters stated," *id.*  Liberally construed, Gupta's opening brief may also challenge

_____

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

the district court's conclusion he failed to demonstrate that the School District's proffered reasons for his termination were pretextual.

## A.    Contention that the School District Relied on Inadmissible Evidence

Gupta's third issue challenges the admissibility of the evidence relied on by the School District. The district court did not rule on the substance of his evidentiary objections; it instead rejected them as "improper at this juncture." R. at 404.

Federal Rule of Civil Procedure 56(c)(2) provides, "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." And Rule 56(c)(4) states, "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." This court has explained that

> the nonmoving party need not produce evidence in a *form* that would be admissible at trial, but the content or substance of the evidence must be admissible. For example, hearsay testimony that would be inadmissible at trial may not be included in an affidavit to defeat summary judgment because a third party's description of a witness' supposed testimony is not suitable grist for the summary judgment mill. Furthermore, generalized, unsubstantiated, non-personal affidavits are insufficient to successfully oppose a motion for summary judgment.

*Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 485 (10th Cir. 1995) (citations, brackets, and internal quotation marks omitted).

Assuming that Gupta is challenging the admissibility of statements in Gray's affidavit, which he discusses elsewhere in his brief, he does not develop any argument that her affidavit was not made with personal knowledge, that it failed to

set forth facts that would be admissible in evidence, or that it failed to show that Gray is competent to testify on the matters stated. Gupta argues instead that the facts stated in Gray's affidavit are disputed by his own affidavit and "are absolutely false." Aplt. Opening Br. at 8. These contentions do not demonstrate any evidentiary deficiency in Gray's affidavit.

**B.** **Contention that the School District failed to meet its burden to come forward with evidence of legitimate, non-retaliatory reasons for his termination**

Gupta's first and second issues challenge the district court's conclusion that the School District met its burden to come forward with evidence of legitimate, non-retaliatory reasons for his termination by pointing to evidence of student complaints during the 2015-16 school year and principal requests to exclude him from their schools for the 2016-17 school year. "The defendant's burden to articulate a [non-retaliatory] reason has been characterized as an exceedingly light one." *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1279 (10th Cir. 1999) (internal quotation marks omitted). The employer must articulate a facially non-retaliatory reason for its action, that is, a reason "that is not, on its face, prohibited by Title VII." *EEOC v. Flasher Co.*, 986 F.2d 1312, 1316 n.4 (10th Cir. 1992). And the proffered reason "must be reasonably specific and clear." *Id.* at 1316. The employer's non-retaliatory reason must also be supported by evidence: "To satisfy this burden, the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by [retaliatory] animus." *Anaeme*, 164 F.3d at 1279 (internal quotation

9

marks omitted). It is a burden of production only, and "involves no credibility assessment." *Id.* (brackets and internal quotation marks omitted). "[B]y producing *evidence* (whether ultimately persuasive or not) of [non-retaliatory] reasons, employers sustain their burden of production." *Id.* (brackets and internal quotation marks omitted).

Gupta fails to show that the School District did not meet this exceedingly light burden. The reasons it articulated, for which it cited evidence in the record, were sufficiently specific and clear, were facially non-retaliatory, and would support a rational conclusion that the School District's decision was not motivated by retaliatory animus. Nothing more is required.

Gupta nonetheless contends that the School District failed to meet its burden because it did not investigate the student complaints, in violation of School District policy, and because he disputed those complaints. He also argues that the principals' requests that he not return to their schools the following school year were unsubstantiated. These contentions misunderstand the employer's burden at this stage: the School District was not required "to litigate the merits of [its] reasoning, nor does it need to prove that the reason relied upon was bona fide, nor does it need to prove that the reasoning was applied in a [non-retaliatory] fashion." *Flasher Co.*, 986 F.2d at 1316. Thus, Gupta's argument that he disputed certain facts in Gray's affidavit does not demonstrate that the School District failed to articulate a legitimate, non-retaliatory reason for his termination. Gupta also fails to explain how

10

the principals' requests that he not return to their schools did not provide a sufficiently specific and clear reason for the School District's action.

### C.　Contention that the School District's articulated reasons for Gupta's termination were pretextual

Gupta does not specifically argue in his opening brief that the School District's reasons were pretextual. But liberally construed, his argument that the School District failed to follow its own policies and procedures could be directed to the district court's conclusion that he did not demonstrate pretext. That is how the district court construed this contention. *See* R. at 404-05. We will construe it that way as well.

"In establishing pretext, an employee can show the employer's proffered reason was so inconsistent, implausible, incoherent, or contradictory that it is unworthy of belief." *Herrmann v. Salt Lake City Corp.*, 21 F. 4th 666, 680 (10th Cir. 2021) (internal quotation marks omitted).

> To support an inference of pretext, to suggest that something more nefarious might be at play, a plaintiff must produce evidence that the employer did more than get it wrong. He or she must come forward with evidence that the employer didn't really believe its proffered reasons for action and thus may have been pursuing a hidden [retaliatory] agenda. This is because Title VII licenses us not to act as a super personnel department to undo bad employment decisions; instead, it charges us to serve as a vital means for redressing [retaliatory] ones.

*Johnson v. Weld Cnty.*, 594 F.3d 1202, 1211 (10th Cir. 2010) (internal quotation marks omitted).

Gupta asserts that, in terminating him, the School District did not follow its own policies and procedures, which he contends are mandatory and

11

non-discretionary.  He maintains that, under these provisions, discrimination complaints must be investigated, yet the School District terminated his employment without investigating the students' complaints.  Gupta argues this court should enforce the School District's policies and procedures and not treat the uninvestigated student complaints as facts.

This contention ignores the district court's finding that Gupta's failure-to-follow-policy argument was conclusory, speculative, and unsupported by any evidence.[3]  Because Gupta entirely fails to address this aspect of the district court's reasoning, we can reject his pretext argument on that basis alone.  But Gupta's contention also fails on the merits.

The district court further held that "the extent to which an employer follows or fails to follow its own internal procedures 'does not necessarily suggest that the substantive reasons given by the employer for its employment decision were pretextual.'"  R. at 405 n.44 (quoting *Randle v. City of Aurora*, 69 F.3d 441, 454 (10th Cir. 1995)); *see also Johnson*, 594 F.3d at 1213 ("[N]ot every failure to follow every directive in an employer's policy manual gives rise to an inference of pretext.").  On the other hand, "[a] failure to conduct what appeared to be a fair

---

[3] Gupta did point out a lack of evidence of an investigation.  *See* R. at 251 (noting a letter from the School District stated that "an investigation was done," but asserting the letter did not provide any details such as the "investigator, witnesses, documents examined, findings); *id.* at 252 (stating "there is no written record of any investigation, evidence or evidence-based findings").  But he presented no other evidence, which he could have obtained through discovery, demonstrating that no investigation had been done.

investigation of the violation that purportedly prompted adverse action may support an inference of pretext." *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 542 (10th Cir. 2014) (internal quotation marks omitted). In *Smothers*, the plaintiff presented a triable fact issue concerning pretext, in part, because the employer relied on one-sided information about a quarrel between the plaintiff and another employee and deliberately prevented the plaintiff from responding to the allegations against him. *See id.* at 542-43. But asking the employee for his version of the events will overcome an unfair-investigation argument. *See Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1314 (10th Cir. 2017).

Gupta does not develop an argument why the alleged lack of an investigation into the student complaints about him would allow a reasonable jury to disbelieve the School District's proffered reasons for his termination and instead infer a retaliatory intent. Even if there was no formal investigation in accordance with the procedure that Gupta cites, he does not claim—or point to evidence showing—that he was precluded from responding to the allegations against him. Rather, in notifying Gupta that he was ineligible for further assignments during the 2015-16 school year, the School District acknowledged that he disputed the accusations against him. But it said it based its decision on the volume of the accusations. *See* R. at 187 (School District's letter stating, "Although you dispute these accusations, due [to] the volume of accusations, the District has chosen to remove you from the Active Substitute List."). And in terminating his employment during the 2016-17 school year, the School District did not rely solely on the student complaints; it also cited the fact that

13

six principals had asked that Gupta be excluded from their schools. *See Jaramillo v. Colo. Jud. Dep't*, 427 F.3d 1303, 1309 (10th Cir. 2005) ("As a general rule, an employee must proffer evidence that shows each of the employer's justifications are pretextual." (brackets and internal quotation marks omitted)). The facts in the record do not support an inference of pretext.

Moreover, the real thrust of Gupta's contention is that courts must enforce the School District's policies and procedures. But "[e]mployers often fail to follow written policy manuals for benign (sometimes even very sound) business reasons, and . . . [the courts'] job isn't to enforce employment manuals but to protect against unlawful [retaliation]." *Johnson*, 594 F.3d at 1213.

Gupta fails to show that the district court erred in granting summary judgment in favor of the School District on his Title VII retaliation claim.[4]

## III.    Conclusion

We affirm the district court's judgment.

Entered for the Court


Allison H. Eid
Circuit Judge

---

[4] Gupta does not mention in his opening brief the district court's denials of his motions to amend his complaint and to refile the claims the court previously dismissed. He does address these rulings in his reply brief, but "[t]his court does not ordinarily review issues raised for the first time in a reply brief," *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). We see no reason to depart from that practice in this case and therefore decline to address these issues.